**Ballstaedt Law Firm d/b/a Fair Fee Legal Services**
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #230
Las Vegas, NV 89117
Tel: (702) 715-0000
help@bkvegas.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> JONATHON QUINN TERMOLEN, <br><br> Debtor(s), | CASE NO. 25-11321-abl <br><br> Chapter 7 <br><br> Adv. Pro. Case No. ____ |
| JONATHON QUINN TERMOLEN, <br><br> Plaintiff(s) <br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, <br><br> Defendant(s) | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS** |

Plaintiff, Jonathan Quinn Termolen, by and through his attorney, Seth Ballstaedt, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On 03/11/2025, Plaintiff filed a voluntary chapter 7 bankruptcy proceeding, Case Number 25-11321-abl.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident at 91 Scorpios Island St, Henderson, Nevada.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

### IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $25,185.49 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $26,890.62. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loan(s) while attending Western Michigan University where Plaintiff was pursuing a Bachelor's degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed his course of study and received a degree in 05/2023.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $276.96 for ten years in order to pay off

the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:

    a. Received 110 cumulative forbearances & deferments totaling 463.1 months

14. Plaintiff is not currently employed. Plaintiff has other monthly income totaling $3,967.36.

15. Plaintiff's current monthly household income is $3,967.36. Plaintiff's current monthly household expenses, including payroll deductions, are $3,724.69.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called *Brunner* test. *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. *Id.* at 396.

18. Plaintiff is unable to make payments on his student loans. After deducting Plaintiff's reasonable and necessary expenses from his income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and his financial circumstances

are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Plaintiff is a disabled veteran with a 100% combined disability rating from the Veterans Administration for various conditions from which he suffers. As such, his income is entirely earned through his veteran's benefits. Plaintiff suffered a heart attack at the age of 26, and his disabilities continue to disrupt his ability to seamlessly return to civilian life. He finds it difficult for him to maintain employment, and driving also exacerbates his conditions. Given Plaintiff's health history, it is reasonable to assume that Plaintiff will continue to struggle with his various conditions, negatively impacting his ability to maintain employment and earn a higher income.

22. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

1. finding that excepting his student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8),
2. declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and
3. for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ Seth D. Ballstaedt, Esq
Seth D. Ballstaedt, Esq.
Attorney for Plaintiff(s)

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED/NELNET) | $ 5,500.00 | $ 402.75 | IN REPAYMENT |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 7,106.15 | $ 573.48 | IN REPAYMENT |
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED/NELNET) | $ 5,500.00 | $ 301.06 | IN REPAYMENT |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 7,079.34 | $ 427.84 | IN REPAYMENT |